**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT CLEVELAND**

| | |
|---|---|
| **EDWARD HARBIE**, on behalf of himself and others similarly situated, :<br><br>Plaintiff, :<br><br>v. :<br><br>**THE LUBRIZOL CORPORATION,**<br>c/o CT Corporation System,<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219 :<br><br>Defendant. : | CASE NO. 1:26-cv-1820<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**JURY DEMAND** |

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Named Plaintiff Edward Harbie ("Named Plaintiff"), individually and on behalf of others similarly situated, files his Collective and Class Action Complaint against Defendant The Lubrizol Corporation ("Defendant") for its failure to pay its employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"). 29 U.S.C. §§ 201, *et seq*. The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.     JURISDICTION AND VENUE

1.     This action is brought pursuant to the FLSA and 28 U.S.C. § 1331.

2.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant is incorporated in Ohio, a substantial portion of the events giving rise to the claim occurred in this District, and because Defendant is subject to personal jurisdiction in this District.

1

## II.    PARTIES

### A.    Named Plaintiff

3.    Named Plaintiff is an individual, a United States citizen, and a resident of Ohio.

4.    Named Plaintiff worked for Defendant at its facility in Avon Lake, Ohio, as an hourly, non-exempt employee as defined in the FLSA from approximately 2006 until October 2023. His most recent role was that of a Chemical Operator. In this role, and in all his other roles with Defendant, Named Plaintiff routinely handled and/or was exposed to chemicals and other hazardous materials, as were other similarly situated production/manufacturing employees.

5.    At all relevant times, Named Plaintiff primarily performed non-exempt duties for Defendant in furtherance of its business developing, manufacturing, and selling chemical products.

6.    During his employment, Named Plaintiff worked 40 or more hours in one or more workweek(s).

7.    Named Plaintiff brings this action on behalf of himself and other similarly situated employees and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's *Consent to Join* form is being filed along with this Complaint, pursuant to 29 U.S.C. § 216(b), and is attached hereto as **Exhibit A**.

### B.    Defendant

8.    Defendant is a domestic for-profit corporation that is incorporated and headquartered in Ohio.

9.    Defendant is a global chemical company that develops chemical solutions for a variety of industries, including agriculture, energy, and resources; beauty and personal care;

2

building and construction; coatings; consumer goods and home care; electronics and IT; healthcare; industrial; and transportation.[1]

10.     Defendant currently owns, operates, and/or manages numerous facilities across the United States, with over 2,500 employees.[2] Defendant even "highlights" their Northeast Ohio locations as being "home to [their] global headquarters" and host of "several key facilities" that produce "highly specialized chemical products."[3]

11.     Defendant was and continues to be an "employer" of employees at all its locations as defined herein, and/or for the purposes of the FLSA.

12.     At all relevant times, Defendant has had direct or indirect control and exercised authority over Named Plaintiff and other similarly situated employees' working conditions.

13.     At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated employees at all locations owned, operated, and managed by Defendant. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

14.     At all relevant times, Defendant has had the authority to hire and fire Named Plaintiff and other similarly situated employees, supervise and control their work schedules and conditions, determine their rate and method of pay, and/or maintain their employee records.

15.     Upon information and belief, Defendant applies or causes substantially the same employment policies, practices, and procedures to be applied to its employees at all its locations, including those relating to the payment of wages, overtime, and timekeeping.

---

[1] *About Lubrizol*, LUBRIZOL, https://www.lubrizol.com/company (last visited Aug. 3, 2026); *Industries*, LUBRIZOL, https://www.lubrizol.com/industries (last visited Aug. 3, 2026);
[2] *North America*, LUBRIZOL, https://www.lubrizol.com/company/regions/north-america (last visited Aug. 3, 2026).
[3] *Id.*

3

16.     At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

17.     At all relevant times, Defendant, as a corporation developing, producing, and selling chemical solutions, was an enterprise engaged in commerce or the production/manufacturing of goods for commerce within the meaning of the phrase as used in the FLSA.

18.     At all relevant times, Defendant has had employees engaged in commerce or in the production/manufacturing of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce.

19.     At all relevant times, Defendant has had an annual gross volume of sales made, or business done, of not less than $500,000 each year.

20.     Upon information and belief, Defendant, at all relevant times, was fully aware that it was legally required to comply with the wage and overtime laws of the United States.

## III.    FACTS

21.     Named Plaintiff and Defendant's other hourly production/manufacturing employees are hourly, non-exempt employees who are entitled to overtime compensation.

22.     Named Plaintiff and Defendant's other hourly production/manufacturing employees are involved in the manufacture and production of Defendant's various chemical solutions. As such, Named Plaintiff and other similarly situated hourly production/manufacturing employees routinely handle chemicals and other hazardous materials while performing their respective job duties.

4

23. Named Plaintiff and Defendant's other similarly situated production/manufacturing employees regularly arrive at work before the scheduled start of their shifts.

24. During their employment with Defendant, Named Plaintiff and other similarly situated hourly production/manufacturing employees regularly badged into their respective facilities before the scheduled start of their shifts.

25. Before the scheduled start of their shifts but after swiping their badges, Named Plaintiff and other similarly situated hourly production/manufacturing employees were required to remove their street clothes and shoes and gather and don their personal protective clothing and equipment.

26. Named Plaintiff and other similarly situated hourly production/manufacturing employees were required to don and doff their personal protective clothing and equipment at their place of work.

27. The personal protective clothing and equipment that Named Plaintiff and other similarly situated hourly production/manufacturing employees were required to don and doff were specialized protective gear made necessary by the hazardous nature of their work of handling chemicals and other hazardous materials. This gear was required by Defendant's own policies and by applicable workplace health and safety regulations and laws.

28. Named Plaintiff and other similarly situated hourly production/manufacturing employees were required to be fully dressed in their personal protective clothing and equipment before the scheduled start of their shifts.

29. After donning their personal protective clothing and equipment, Named Plaintiff and other similarly situated hourly production/manufacturing employees engaged in a shift turnover/shift relief discussion with the outgoing shift before the scheduled start of their shifts.

5

This shift turnover discussion generally consisted of speaking with the outgoing shift about the state of production, problems or hazards to be aware of, and what might need to be done during the upcoming shift.

30.     The preceding pre-shift work resulted in Named Plaintiff and other similarly situated hourly production/manufacturing employees performing integral and indispensable work before the scheduled start of their shifts.

31.     Despite arriving and performing work before the scheduled start of their shifts, Defendant did not pay Named Plaintiff and other similarly situated production/manufacturing employees for this pre-shift work.

32.     Named Plaintiff and other similarly situated hourly production/manufacturing employees regularly performed uncompensated, integral, and indispensable pre-shift work each day. This pre-shift work was not occasional, sporadic, or insubstantial; it was routine and occurred frequently during Named Plaintiff and other similarly situated hourly production/manufacturing employees' employment.

33.     Because donning personal protective clothing and equipment was integral and indispensable to their work and was the first principal activity of their workday, the workday of Named Plaintiff and other similarly situated hourly production/manufacturing employees began when they started donning that gear and did not end until they finished doffing it at the end of the workday. All time in between—including the shift turnover/shift relief procedure and any time spent walking to and from and waiting at their work areas—was part of a single continuous workday and was compensable. Recording this work time was administratively practicable.

34.     Named Plaintiff and other similarly situated hourly production/manufacturing employees regularly worked more than 40 hours per workweek but were not paid overtime for all overtime hours worked as a result of Defendant's unlawful policies or practices described herein.

37.     During relevant times, Defendant knew of and acted willfully regarding its conduct described herein. Defendant knew Named Plaintiff and others similarly situated worked overtime without compensation for all overtime hours worked.

38.     Defendant is a large and sophisticated employer with dedicated human resources, payroll, and legal functions, and was at all relevant times aware of its obligations under the FLSA, including the obligation to pay non-exempt employees for all hours worked and to pay overtime for hours worked in excess of 40 in a workweek.

39.     Defendant designed, implemented, and controlled its payroll systems that applied to Named Plaintiff and other similarly situated hourly production/manufacturing employees. Defendant's own records showed that these employees were present and beginning work before the scheduled start of their shifts, yet Defendant generally paid them only for their scheduled shift hours rather than for the time they were working.

40.     Despite this knowledge of the FLSA's requirements, Defendant adopted and maintained uniform policies or practices of not compensating Named Plaintiff and other similarly situated hourly production/manufacturing employees for all work performed outside of their scheduled shifts and did not take reasonable steps to determine whether that practice complied with the FLSA. Defendant's conduct was therefore willful or, at a minimum, was carried out with reckless disregard for whether its pay practices violated those laws.

41. The FLSA requires Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

42. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. See 29 C.F.R. § 516.2.

43. Defendant failed to track, maintain, or transmit the hours accurately worked each day by Named Plaintiff and other similarly situated production/manufacturing employees.

44. Defendant willfully transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which do not include all work performed. The incorrect and/or incomplete records had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated production/manufacturing employees.

45. Thus, Defendant willfully did not record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

46. Upon information and belief, Defendant applied these same policies to all its hourly, non-exempt production/manufacturing employees at all its locations.

47. As a result of Defendant's companywide policy and/or practice described herein, Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated production/manufacturing employees for all overtime hours worked.

48.     Defendant is in possession and control of the necessary documents and information from which Named Plaintiff would be able to calculate damages, and/or Defendant otherwise failed to keep such records.

## IV.     FLSA COLLECTIVE ALLEGATIONS

49.     Named Plaintiff brings his FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action for himself and all other similarly situated production/manufacturing employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt production/manufacturing employees at all of Defendant's locations who were paid for 40 or more hours of work in any workweek beginning three years before the filing date of this Complaint (hereinafter the "FLSA Collective" or "FLSA Collective Members").[4]**

50.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

51.     In addition to Named Plaintiff, the FLSA Collective Members have been denied proper overtime compensation due to the companywide time and pay policies and/or practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the FLSA Collective Members overtime wages for all overtime hours worked. Named Plaintiff is representative of those other similarly situated production/manufacturing employees and is acting on behalf of their interests as well as his own in bringing this action.

52.     The identities of the FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this

---

[4] Named Plaintiff reserves the right to amend his definition of whom he seeks to send Court-authorized notice of this action to upon further investigation and discovery.

action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the collective adjudication of their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

53.     The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

V.     **CAUSES OF ACTION**

**COUNT I:**
**FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME**

54.     All of the preceding paragraphs are realleged as if fully rewritten herein.

55.     This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

56.     The FLSA requires that employees receive overtime compensation for hours worked in excess of 40 per workweek. 29 U.S.C. § 207(a)(1).

57.     During relevant times, Defendant employed Named Plaintiff and the FLSA Collective Members.

58.     Named Plaintiff and the FLSA Collective Members regularly worked in excess of 40 hours in workweeks.

59.     Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them for all overtime wages earned because of Defendant's policies and/or practices described herein.

60.     Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

10

61. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

62. The exact total amount of compensation that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

63. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest, attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## VI.    <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Directing Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, remuneration, timekeeping, and related records of the FLSA Collective Members;

B. Directing Defendant to provide all contact information, including but not limited to names, dates of employment, mailing addresses, telephone numbers, and email addresses of the FLSA Collective Members;

C. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

D. Tolling the statute of limitations for all members of the FLSA Collective from the

11

date on which this matter was initially filed until the date on which they file consent to join forms;

E.       Finding that Defendant failed to keep accurate records and that, as a result, Named Plaintiff and the FLSA Collective are entitled to prove their hours worked with reasonable estimates;

F.       Awarding to Named Plaintiff and the FLSA Collective Members who join this case unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

G.       Awarding to Named Plaintiff and the FLSA Collective Members who join this case costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

H.       Awarding to Named Plaintiff, the FLSA Collective Members who join this case, and any such other relief as the Court deems just and proper;

I.       Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

J.       Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

## JURY DEMAND

Named Plaintiff requests a trial by a jury on all triable issues.

Respectfully Submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Shannon M. Draher (0074304)
Adam C. Gedling (0085256)
Tristan T. Akers (0102298)
**COFFMAN LEGAL, LLC**
1550 Old Henderson Rd

12

Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
        sdraher@mcoffmanlegal.com
        agedling@mcoffmanlegal.com
        takers@mcoffmanlegal.com


*Attorneys for Named Plaintiff and those Similarly Situated*